BOARD OF EDUCATION OF ALPENA PUBLIC SCHOOLS
*v.*
PRESQUE ISLE TOWNSHIP BOARD

1. Taxation—Schools and School Districts.

The rate of taxation of a school district which comprises nearly all of Alpena County and a smaller part of Presque Isle County was, by statute, to be determined by the Alpena School Board and the Alpena County Tax Allocation Board and when that tax allocation board determined the final millage to be 23.71 its determination, absent an appeal to the state tax commission, became final; thus when the Alpena County Tax Allocation Board adopted a final millage of 23.71 mills that figure had to be adopted by the Presque Isle County Tax Allocation Board (Const 1963, art 9, §§ 3, 6; MCLA § 211.214-a, 211.217).

2. Taxation—Schools and School Districts—Constitutional Law.

The constitutional mandate to obtain uniformity in taxation necessitated a millage levy on one township the same as that levied upon all other segments of a school district, because to do otherwise would result in a nonuniformity of taxation which is violative of the Constitution and settled law of this state (Const 1963, art 9, § 3).

3. Mandamus—Schools and School Districts—Taxation.

A writ of mandamus should issue ordering the difference between the amount of taxes actually collected and that which would have been raised if a township had levied against the final state equalized valuation at the rate granted to a school

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Taxation §§ 77, 81, 82.
[2] 51 Am Jur, Taxation § 156 *et seq.*
[3] 52 Am Jur 2d, Mandamus § 257 *et seq.*

board by the county tax allocation board rather than a lower rate, to be spread upon the next tax roll of the township and returned to the school district, and that amount will be credited to the school district as an amount on hand and will be deducted from its next budget thus reducing uniformly the amount levied upon all taxpayers in the school district for the subsequent year.

Appeal from Presque Isle, Allan C. Miller, J. Submitted Division 3 February 4, 1970, at Grand Rapids. (Docket No. 6,803.) Decided May 26, 1970.

Complaint by Board of Education of Alpena Public Schools, Alpena and Presque Isle Counties, and Huron Cement Division of National Gypsum Company, intervening plaintiff, against the Board of Presque Isle Township, Presque Isle County officers and trustees of the Presque Isle Township Board, and the Board of Supervisors of Presque Isle County, for writ of mandamus. Judgment for plaintiff. Defendant appeals. Affirmed.

*Henry, Knapp & Boyce,* for plaintiff Board of Education of Alpena Public Schools.

*Donald K. Gillard,* for intervening plaintiff Huron Cement Division of National Gypsum Company.

*Smith & Brooker, P. C.,* for defendant Presque Isle Township Board and its officers and trustees.

*Elmer L. Radka,* for defendant Board of Supervisors of Presque Isle County.

Before: HOLBROOK, P. J., and DANHOF and ROOD,* JJ.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

DANHOF, J. This matter was commenced by the filing of a complaint by the Board of Education of Alpena Public Schools, Alpena and Presque Isle Counties, Michigan, plaintiff, against the Township Board of the Township of Presque Isle, Donald G. Powley, Russell W. Smith, Ruth M. Doyle, W. L. Derrohn and Carolyn Hoppe, officers and trustees, asking for a writ of mandamus requiring the township to cause to be included in the annual tax levy for the year 1967, or as soon thereafter as the court may direct, a levy for the purpose of raising $87,560 which the plaintiff claims was the amount that would have been raised if the township had levied the proper millage granted to the school board by the Presque Isle County Tax Allocation Board for the fiscal year 1966–1967. The original complaint was amended for the purpose of dropping defendant Carolyn Hoppe, who was improperly joined as a defendant, and adding Joseph P. Schenk, trustee of Presque Isle Township Board. A second amended complaint was filed for the purpose of joining the board of supervisors for the County of Presque Isle. Thereafter an intervening complaint was allowed and filed by the Huron Cement Division of National Gypsum Company. After a hearing upon the complaint and answer, the trial court after written opinion entered the following judgment:

1. It dismissed the plaintiff's complaint as to defendant board of supervisors of the County of Presque Isle, Michigan.

2. It dismissed as a party plaintiff the Huron Cement Division of National Gypsum Company, a Delaware corporation.

3. It granted a writ of mandamus to the plaintiff Board of Education of Alpena Public Schools, Alpena and Presque Isle Counties, and ordered and directed that the defendants Donald G. Powley, su-

pervisor, Russell W. Smith, clerk, Ruth M. Doyle, treasurer, W. L. Derrohn and Joseph P. Schenk, trustees of the Township Board of the Township of Presque Isle, Presque Isle County, Michigan, to levy the sum of $80,562 which sum was ordered spread upon the next tax roll for the Township of Presque Isle, Presque Isle County, Michigan, and when collected to be paid to the plaintiff, Board of Education of Alpena Public Schools, Alpena and Presque Isle Counties, Michigan.

From this judgment the defendants, the Township Board of the Township of Presque Isle has appealed and there are cross-appeals by the plaintiff Board of Education of Alpena Public Schools, and by the intervening plaintiff, Huron Cement Division of National Gypsum Company.

Prior to addressing ourselves to the legal questions it is necessary that certain facts be set forth. The trial court in its opinion clearly and distinctly sets forth these facts, and not only are they generally not in dispute but are sustained by the record.

The Alpena Public Schools is a school district of the third class organized pursuant to PA 1955, No 269 as amended, MCLA § 340.1 *et seq.* (Stat Ann 1968 Rev § 15.3001 *et seq.*). The school district comprises all of the County of Alpena with the exception of the westerly portion of the Townships of Green and Wellington in Alpena County, and includes the southeasterly portion of Krakow Township and all of Presque Isle Township in Presque Isle County, Michigan. The district, in addition to furnishing schooling from kindergarten through 12 grades, also provides the first two years of college education through the establishment of the Alpena Community College. Presque Isle Township was a nonoperating school district which prior to the in-

stitution of this lawsuit was annexed to the Alpena Public Schools.

Prior to the annexation of Presque Isle Township, the Alpena Public Schools obtained authority to levy up to 20 mills in addition to the 15 mill limitation for all purposes. On the annexation of Presque Isle Township the 20 extra voted mills also became applicable to Presque Isle Township and this millage was renewed in 1962.

The fiscal year of the school district is from July 1 to the following June 30.

On May 12, 1966 according to the statutory time table, the plaintiff Alpena School Board adopted a final budget which showed that $3,025,214 was to be raised by local taxation within the school district. This budget was submitted to the Alpena and Presque Isle allocation boards on May 12. The total state equalized valuation for the district was stated at that time to be $125,956,413, with the state equalized valuation of Presque Isle Township stated to be $4,634,532. This budget was recognized by the Alpena County Tax Allocation Board and a millage rate of 23.78 mills was adopted. The order of the Alpena County Tax Allocation Board fixing the above-stated millage was communicated to the Presque Isle County Tax Allocation Board. The Presque Isle County Tax Allocation Board adopted a preliminary order allocating 24.03 mills to the school district, but it recessed on June 17, 1966 without taking final action because of its knowledge of an appeal to the State Tax Commission for determining the state-equalized value for the County of Presque Isle. The division of the 15 mills, which is a usual problem to an allocation board, is not a problem in the instant case, because of the 20 additional mills which had been approved in 1962 for an extended period and which included the year in question.

The plaintiff Alpena school board district became aware of the appeal to the State Tax Commission and revised its estimate of the state-equalized value of Presque Isle Township from $4,634,532 to $6,302,-963. After some budgetary adjustments the final millage was set at 23.71 mills. This amount was adopted by a final order by the Alpena County Tax Allocation Board on May 27 and a copy of the order was sent to the chairman of the Presque Isle County Tax Allocation Board, and also, although it is disputed, a copy was sent to the Presque Isle County Clerk.

Thereafter, on September 6, 1966, the Michigan State Tax Commission entered its final order which increased the state-equalized value for Presque Isle Township to $9,992,188. On September 22, 1966 the Presque Isle County Tax Allocation Board made its final order allocating to the plaintiff school district 24.03 mills. This was in spite of the fact that a previous communication had been sent to the Presque Isle County Tax Allocation Board fixing the final millage at 23.71 mills. Both amounts were well within the maximum millage which was available for school purposes. No appeal was taken from the final order of the Presque Isle County Tax Allocation Board. The Presque Isle County Tax Allocation Board did not meet after September 22, 1966 and the Alpena County Tax Allocation Board had concluded its meeting on May 27, 1966 and did not meet again.

The final order of the state tax commission concluded with the following language:

"The Board of Supervisors shall proceed to apportion county taxes in accordance with this equalization as provided in § 211.34, CL 1948 as amended by Act 275, PA 1964."

Accordingly, the county board of supervisors apportionment committee of Presque Isle County met and faced the following problems:

a. The final order of the Presque Isle County Tax Allocation Board established 24.03 mills for school purposes. This was not correct because 23.71 mills had been finally adopted by the Alpena County Tax Allocation Board.

b. The certificate from the township clerk dated October 10, 1966, to the board of supervisors, recited a request for $149,984 for school purposes.

c. The various millage rates of 24.03, 23.78 and the finally designated amount of 23.71 all were designed at the time of adoption by the Alpena school district and the Alpena County Tax Allocation Board to raise the sum of $149,984 from Presque Isle Township. The last millage rate was predicated on a state-equalized valuation for Presque Isle Township of $6,302,963. The apportionment committee of the Presque Isle County Board of Supervisors procured an opinion from the prosecuting attorney, and based upon such opinion decided that they should levy only such millage as was necessary to meet the budget request of $149,984. Thus, the committee recommended and the board of supervisors adopted a levy of 14.94 mills on the final state-equalized valuation of $9,992,188 which was designed to and did raise the sum of $149,984. The sum raised was the *pro rata* share of the plaintiff school district's budget but was predicated upon a state-equalized value of $6,302,963, and was not predicated upon the new and increased state-equalized valuation of Presque Isle Township. The *pro rata* share of Presque Isle Township to the entire Alpena school district after the new state-equalized value is 7.6 per cent.

We note at the outset that had the plaintiff Alpena school board followed the advice given pre-

viously by the attorney general and later to the
Presque Isle County Tax Allocation Board this law-
suit would not have arisen. The attorney general
stated in 2 OAG, 1958, No 3,284, p 287 (November 3,
1958):

"It is therefore my opinion that if appeal is timely
taken, either from county equalization or from the
final orders of the county allocation board, to the
state tax commission, a taxing unit must delay the
levy of its taxes until such appeals are finally de-
termined."

The plaintiff in an effort to obtain its funds early
sent its final tax bills with those of the City of Al-
pena in July, 1966. Had they waited until the county
and township taxes were sent out in December, plain-
tiff would have known the final valuation of Presque
Isle Township and could have made the necessary
adjustments. For those who are involved in situa-
tions such as this in the future we urge that they
follow this advice as given to them by the attorney
general.

We are faced with the question of a conflict be-
tween the constitutional provision relative to uni-
formity and certain statutory admonitions relative
to county and township officers.

Const 1963, art 9, § 3 provides:

"The legislature shall provide for the uniform
general ad valorem taxation of real and tangible
personal property not exempt by law. The legis-
lature shall provide for the determination of true
cash value of such property; the proportion of true
cash value at which such property shall be uniformly
assessed, which shall not, after January 1, 1966,
exceed 50 percent; and for a system of equalization
of assessments. The legislature may provide for
alternative means of taxation of designated real and
tangible personal property in lieu of general ad
valorem taxation. Every tax other than the general

ad valorem property tax shall be uniform upon the class or classes on which it operates."

This provision, as it concerns uniformity, is similar to the provision in the 1908 Constitution and indicates that this state is committed to the basic principles of uniformity. In *School District No. 9, Pittsfield Township, Washtenaw County* v. *Washtenaw County Board of Supervisors* (1954), 341 Mich 388, 400, the Supreme Court said:

"By the foregoing provisions, as well as by acts of the legislature adopted in compliance therewith, this State is committed to the basic principles of uniformity."

Also, in *Huron-Clinton Metropolitan Authority* v. *Boards of Supervisors of Five Counties* (1943), 304 Mich 328, 335, 336, the Court quoted with favor from *Exchange Bank of Columbus* v. *Hines* (1853), 3 Ohio St 1:

" 'Taxing by a uniform rule requires uniformity, not only in the rate of taxation, but also uniformity in the mode of the assessment upon the taxable valuation. Uniformity in taxing implies equality in the burden of taxation; and this equality of burden cannot exist without uniformity in the mode of the assessment, as well as in the rate of taxation.' "

Thus, it is incumbent upon this Court at this late date to endeavor to equalize and make uniform the taxation upon all segments comprising the plaintiff school district.

The record shows that all other taxing units within the school district paid 23.71 mills. However, only 14.94 mills were levied in Presque Isle Township. The 23.71 mills were well within the maximums voted for school purposes and the power to determine the rate within these maximums rests upon the judg-

ment of the school board.   MCLA §§ 340.120, 340-.563 (Stat·Ann 1968 Rev §§ 15.3120, 15.3563).

Const 1963, art 9, § 6 provides in part:

"In any school district which extends into two or more counties, property taxes at the highest rate available in the county which contains the greatest part of the area of the district may be imposed and collected for school purposes throughout the district."

Thus, the rate of taxation was to be determined by plaintiff, Alpena School Board and by the Alpena County Tax Allocation Board.   When the Alpena County Tax Allocation Board determined the final millage to be 23.71 this, absent an appeal to the state tax commission, became final.   MCLA § 211-.217 (Stat Ann 1970 Cum Supp § 7.77).

MCLA § 211.214a (Stat Ann 1970 Cum Supp § 7.74[1]) provides in part:

"The allocation board of a county in which other than the greatest part of the area of an intercounty school district, including an intermediate school district, is located, shall remain in session to receive such notice.   If the notice indicates that a higher rate was approved for such school district by the allocation board of the county in which the greatest part of the school district is located the allocation board of any county which has adopted a lower rate shall change it to the rate approved by the allocation board of the county in which the greatest part of the area of the school district is located."

Thus, it appears obvious that when the Alpena County Tax Allocation Board adopted a final millage of 23.71 mills this figure had to be adopted by the Presque Isle County Tax Allocation Board. The fact that it ultimately adopted a millage rate on September 22 of 24.03 mills is of no consequence as we will consider done what should have lawfully

been done. Thus, when this millage figure became final the county board of supervisors were without authority to change it. See *School District No. 9, Pittsfield Township, Washtenaw County* v. *Washtenaw County Board of Supervisors, supra*. In so doing we note that had the levy actually been 23.71 it would have been within the 24.03 previously allocated, although erroneously, by the Presque Isle County Tax Allocation Board.

The statutory requirement MCLA §§ 211.211, 211.211a (Stat Ann 1970 Cum Supp §§ 7.71, 7.71[1]), that no local unit of government should receive more than its budgeted amounts refers to the entire budget and not merely to one segment thereof. While there may be some confusion between the statutory sections and the constitutional provisions cited herein, there can be no doubt but what the Constitution shall prevail.

In following the mandate to obtain uniformity in taxation it is necessary to levy a millage of 23.71 mills on Presque Isle Township, that being the same millage levied upon all other segments of the plaintiff school district. To do otherwise would result in a nonuniformity of taxation which is violative of the Constitution and the settled law of this state. *Huron-Clinton Metropolitan Authority* v. *Boards of Supervisors of Five Counties, supra, School District No. 9, Pittsfield Township, Washtenaw County* v. *Washtenaw County Board of Supervisors, supra*.

The trial judge, having found that Presque Isle Township with its new equalized valuation represented 7.6 per cent of the school district, applied that figure to the total budgetary needs of $3,025,214. This amounted to $229,916 or $80,562 less than was actually paid. While this would have been true if the plaintiff and the Alpena County Tax Allocation Board had waited until the new assessment of

Presque Isle was completed this is not the position in which we now find this case. While it might have been better if the plaintiff had waited to levy its taxes, it was not illegal for it to do so in July. Thus, to achieve uniformity, to which we are committed, we find that a judgment should be entered in the amount of $87,560 which is the difference between the amount actually collected and that which would have been collected if 23.71 mills had been levied against the final state-equalized valuation of $9,-992,188.

Mandamus is the appropriate remedy, *School District No. 9, Pittsfield Township, Washtenaw County v. Washtenaw County Board of Supervisors, supra,* and accordingly a writ of mandamus should issue ordering the balance of $87,560 to be spread upon the next tax roll of Presque Isle Township and returned to the plaintiff school district. This amount will be credited to the school district as an amount on hand and will be deducted from its next budget and, therefore, will reduce uniformly the amount to be levied upon all taxpayers in the school district for the subsequent year.

The judgment of dismissal against the county board of supervisors of Presque Isle County is affirmed and we further affirm the dismissal of the complaint of the intervening plaintiff, Huron Cement Division of the National Gypsum Company, because it is not the real party in interest and has no claim against the defendant. There is no allegation that the taxes paid by the intervening plaintiff were paid under protest and the decision herein will grant to the intervening plaintiff the same amount of relief as given to all other taxpayers within the district.

No costs, a public question being involved.
All concurred.